IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC, <br> Plaintiff, <br> v. <br> MAYER LABORATORIES, INC., <br> Defendant. _____ / | No. C10-4426 EMC (JSC) <br> **ORDER GRANTING MOTION FOR FTC DOCUMENTS (Dkt. Nos. 138, 144)** |

This antitrust and trademark infringement action involves the United States market for condoms. Now pending before the Court is the motion of Mayer Laboratories, Inc. ("Mayer") to compel production of documents Church & Dwight Co. ("C&D") disclosed to the Federal Trade Commission ("FTC") in connection with a FTC investigation. (Dkt. Nos. 138, 144.) After carefully considering the parties' written arguments, and having had the benefit of telephonic oral argument on November 17, 2011, Mayer's motion to compel is GRANTED: the disputed documents are responsive to Mayer's document request, the FTC confidentiality regulations do not shield the disputed documents from discovery, any attorney-client or attorney-work product privilege was waived by disclosure of the documents to the FTC, and Federal Rule of Evidence 408 does not bar their discoverability.

**BACKGROUND**

Mayer served C&D with a document request for "[a]ll documents and data submitted, provided or disclosed by Church & Dwight to the FTC in the FTC Investigation." C&D responded to the request as follows:

> Church & Dwight repeats and restates all of its General Objections, as set forth above, as if set forth in full herein. Furthermore, the investigation of Church & Dwight by the FT C is non-public and subject to 15 USCA 57b-2(b)(3)(c). Therefore, all statements made to the FTC by Church & Dwight and communications between the FTC and Church and & Dwight are confidential and cannot be disclosed. Subject to and without waiving any of the foregoing objections, Church & Dwight will produce a copy of documents responsive to this Request.

(Dkt. No. 138 at p. 20.) On October 6, 2011, the parties jointly submitted a letter brief "regarding Mayer's motion to compel C&D to produce the entire C&D production of documents previously produced by C&D to the Federal Trade Commission ('FTC') pursuant to the FTC's non-public antitrust investigation of C&D." The parties' dispute concerns whether "certain Canadian documents that C&D possesses that were produced to the FTC but which C&D has withheld, at least in part, from its production to Mayer." (Dkt. No. 138.) After hearing argument, the district ruled as follows: "Defendant's motion to compel production of FTC documents is granted. Plaintiff shall produce FTC documents to Defendant by 10/15/2011." (Dkt. No. 132.)

C&D subsequently took the position that the term "FTC documents" as used by the district court refers only to documents "produced" to the FTC in response to the FTC's subpoena to C&D, and does not include documents voluntarily provided to the FTC outside of the subpoena, such as email, correspondence and "white papers" that express C&D's view on its compliance with the antitrust laws. C&D argues that the FTC investigation is non-public and that all materials submitted to the FTC in connection with the investigation are confidential and therefore non-discoverable. It also contends that to the extent such documents involve settlement discussions, they are inadmissible and also non-discoverable. The parties brought this dispute to the district court's attention by letter filed November 8, 2011 (Dkt. No. 138) and the dispute was referred to this Court for decision. (Dkt. No. 140.)

1    By joint letter filed November 17, 2011, the parties raised another, related dispute
2 with the Court: "whether C&D is obligated to produce certain documents that it voluntarily
3 submitted to the FTC in connection with the FTC's non-public investigation, including
4 'white papers' and other documents setting forth C&D's position on the legal merits of its
5 compliance with antitrust law." (Dkt. No. 144.)  C&D contends that such documents are
6 protected work-product and/or attorney-client privilege while Mayer contends that any such
7 privilege was waived when the documents were provided to the FTC.

8    In summary, the Court understands that C&D has provided to Mayer all documents
9 which C&D produced to the FTC in response to FTC subpoenas, including documents
10 involving the Canadian market for condoms, but is withholding any documents that were not
11 disclosed pursuant to the subpoena, including email, correspondence, and "white papers" on
12 the following grounds: (1) confidentiality of the FTC investigation, (2) attorney work product
13 and/or attorney-client privilege, (3) Federal Rule of Evidence 408 settlement
14 communications, and (4) burden and basic unfairness.

## DISCUSSION

16    There is an issue as to whether C&D has properly preserved any objections to
17 disclosing all the documents it provided to the FTC in light of (1) the district court's October
18 12, 2011 order that it produce "FTC documents", and/or (2) C&D's failure to produce a
19 privilege log or specifically identify many of its objections in its written response to Mayer's
20 document request number four.  As discussed at oral argument, the Court will first decide
21 whether the objections--assuming properly preserved--are valid.  Because the Court
22 concludes that they are not, it does not address whether C&D's document request response
23 properly preserved the objections.

### A.    Confidentiality

25    Federal regulations provide that "[a]ny material which is received by the [FTC] in any
26 investigation, a purpose of which is to determine whether any person may have violated any
27 provision of the law administered by the [FTC], and which is provided pursuant to any
28 compulsory process . . . shall not be required to be disclosed under [the Freedom of

3

1  Information Act], or any other provision of law." 15 U.S.C. § 57b-2(f)(1).  The Court
2  concludes that this regulation does not create some privilege from discovery in a lawsuit
3  between the target of the FTC's investigation and a third party.  First, the regulation governs
4  public disclosure by the FTC; it does not purport to create some privilege that can be asserted
5  by the producing party in litigation with a third party.  Second, the regulation applies only to
6  those documents provided "pursuant to any compulsory process."  C&D concedes that the
7  district court's October 12, 2011 order applies to those documents that were produced in
8  response to a FTC subpoena. (Dkt. No. 138 at 5.)  Thus, the regulation does not apply to the
9  documents at issue here--those which C&D voluntarily provided to the FTC and were not
10 disclosed in response to a subpoena. The other regulation cited by C&D--15 U.S.C. § 57b-
11 2(B)(3)(C)--similarly applies to "documents, tangible things, or transcripts of oral testimony
12 received by the [FTC] pursuant to compulsory process." 15 U.S.C. § 57b-2(b)(1).  Again,
13 C&D concedes that the district court already ordered it to provide the documents produced to
14 the FTC pursuant to compulsory process.  Accordingly, the Court finds that the FTC
15 confidentiality provisions do not shield C&D's voluntary disclosures to the FTC from
16 production in this case.

### B. Work-product and/or attorney-client privilege

18 The Court also concludes that C&D waived any attorney work product protection for
19 correspondence, email and "white papers" it voluntarily submitted to the FTC, an adversary.
20 See S.E.C. v. Berry, 2011 WL 825742 *3-6 (N.D. Cal. March 7, 2011); United States v.
21 Bergonzi, 216 F.R.D. 487, 497 (N.D. Cal. 2003); United States v. Reyes, 239 F.R.D. 591,
22 604 (N.D. Cal. 2006).  The Court is not persuaded by the holding to the contrary in Aronson
23 v. McKesson HBOC, Inc., 2005 WL 934331 *9 (N.D. Cal. March 31, 2005).  First, in
24 Aronson, the work product was produced to the government pursuant to an express
25 confidentiality agreement.  Id. at *1.  There is no argument, let alone evidence, that such an
26 agreement accompanied the voluntary production of the "white papers" here.  No case holds
27 that work product protection is maintained when documents are disclosed without a
28 confidentiality agreement.  And, as explained above, the FTC regulations prohibiting public

4

1 disclosure only apply to documents produced pursuant to subpoena, that is, to documents not
2 at issue on this motion. Second, all of the Circuits to have addressed the issue have held that
3 waiver applies to voluntary production to the government as well as to private parties, even
4 when the documents are produced in conjunction with a confidentiality agreement. See In re
5 Qwest Commc'ns Int'l Inc., 450 F.3d 1179, 1194 (10th Cir. 2006); In re Columbia/HCA
6 Healthcare Corp. Billing Practices Litig., 293 F.3d 289, 303 (6th Cir. 2002); Westinghouse
7 Elec. Corp. v. Rep. of the Philippines, 951 F.2d 1414, 1430 (3d Cir. 1991). It is thus
8 unsurprising that Aronson relied on a dissent by a Sixth Circuit judge. 2005 WL 934331 at
9 *9. Accordingly, any work product privilege was waived by voluntarily sharing the
10 documents with the FTC.

11 While C&D refers to attorney-client privilege, it does not cite any case that suggests
12 that any attorney-client privilege was not waived when C&D voluntarily shared the
13 documents with the FTC. See Berry, 2011 WL 925742 at *3 n.3 (holding that the attorney-
14 client privilege is waived for communications shared with the government).

15 **C.  Settlement communications**

16 C&D also contends that pursuant to Federal Rule of Evidence 408 "any material"
17 relating to any settlement communications with the FTC is not relevant and could never lead
18 to the discovery of admissible evidence  The Court disagrees. Rule 408 is quite narrow: it
19 only limits the *admissibility* of offers of settlement (or acceptance), or statements made in
20 settlement negotiations, to prove or disprove liability or an amount of a claim. "The rule
21 applies to the admissibility of evidence at trial, not to whether evidence is discoverable."
22 West v. Jewelry Innovations, Inc., 2009 WL 668695 *1 (N.D. Cal. March 13, 2009) (internal
23 quotation marks and citation omitted); see also Phoenix Solutions Inc. v. Wells Fargo Bank,
24 N.A., 254 F.R.D. 568, 584 (N.D. Cal. 2008) ("Rule 408 does not warrant protecting
25 settlement negotiations from discovery"). C&D may not withhold documents on the grounds
26 that they are connected to settlement discussions.
27 //
28 //

### D. Burden and unfairness

Finally, C&D complains that it would be fundamentally unfair to allow Mayer to obtain correspondence and any white papers or expert reports C&D has "potentially" submitted to the FTC because it would allow for premature disclosure for the bases of C&D's expert reports. The Court is unclear why C&D modifies its statement with the word "potentially"--the document request at issue seeks only those documents that were, in fact, submitted to the FTC. Further, C&D does not explain what is so unfair about Mayer knowing what position C&D took with the FTC. C&D's assertion that it would be unduly burdensome to require its outside counsel to "search for, collect, and review hundreds of e-mails" in its counsel's e-mail archives to and from the FTC is unpersuasive, especially in litigation of this nature.

### CONCLUSION

For the reasons explained above, Mayer's motion to compel production of documents responsive to its Document Request No. 4 is GRANTED. C&D shall produce the responsive documents on or before November 28, 2011.

This Order disposes of Docket Nos. 138, 144.

**IT IS SO ORDERED.**

Dated: November 18, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE