IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC, | No. C10-4429 EMC (JSC) |
| Plaintiff, | **ORDER CLARIFYING NOVEMBER 18, 2011 ORDER** |
| v. | |
| MAYER LABORATORIES, INC., | |
| Defendant. | |

By Order dated November 18, 2011, the Court granted Defendant Mayer's motion to compel production of FTC documents. In so ruling, the Court rejected the argument of plaintiff Church & Dwight that emails, correspondence and white papers prepared by Church & Dwight for purposes of the FTC's antitrust investigation of Church & Dwight, and voluntarily provided by Church & Dwight to the FTC, are confidential pursuant to certain federal regulations and therefore not discoverable. The Court gave two reasons for its ruling. First, that the confidentiality provisions prohibit the FTC from sharing the documents with the public and do not prohibit a third party from seeking the documents from the producing party itself (here, Church & Dwight). Second, that the confidentiality regulations cited by Church & Dwight apply to documents subpoenaed by the FTC and the district court had already ordered Church & Dwight to produce such documents.

By letter dated November 21, 2011, Mayer noted that one of the regulations--15 U.S.C. §57b-2(f)(1)--applies to documents subpoenaed by the FTC and "documents provided voluntarily in place of such compulsory process." Although not argued by the parties, the Court was aware of this provision at the time of its Order. The Court interprets it to mean that documents that could be subpoenaed by the FTC, but because of cooperation were provided voluntarily in lieu of a subpoena, are still covered by the regulation. To interpret the regulation otherwise, that is, to interpret it to mean that all documents voluntarily or involuntarily provided to the FTC during a non-public investigation are subject to the regulation would appear to render the compulsory process reference language superfluous. If all documents provided to the FTC are confidential, there is no reason to refer to documents provided voluntarily *in place of such compulsory process*. The Court understands that the documents at issue here are not the type of documents that could or would be provided voluntarily in place of compulsory process because the documents were created specifically for the FTC. In other words, the FTC would not subpoena emails or correspondence to the FTC. Similarly, even the "white papers" were created specifically to provide to the FTC and thus are not the type of documents that would be provided "voluntarily in place of such compulsory process." The same is true for settlement communications.

The Court's interpretation, of course, could be wrong. As Mayer alluded to in its November 21 letter, however, the Court also concluded that the regulations prohibit the FTC from disclosing covered documents, but do not create some new privilege that protects them from discovery by a third party in litigation. This holding is consistent with the nearly unanimous view of the courts that explicit confidentiality agreements between federal government agencies and a private party do not privilege the documents from discovery in related litigation. See Dkt. No. 146 at p. 5.

**IT IS SO ORDERED.**

Dated: November 21, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE