1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC, | No. C10-4429-EMC (JSC) |
| Plaintiff, | **FINAL ORDER GRANTING MOTION TO COMPEL FTC DOCUMENTS** |
| v. | |
| MAYER LABORATORIES, INC., | |
| Defendant. | |
| _____/ | |

This antitrust lawsuit involves the United States condom market. Mayer Laboratories, Inc. ("Mayer") seeks all documents Church & Dwight Co. ("Church & Dwight") disclosed to the Federal Trade Commission ("FTC") in connection with the FTC's investigation of Church & Dwight.

The Court previously ruled that Church & Dwight's communications with the FTC are not protected from discovery as confidential, attorney work-product, attorney-client privileged, or settlement communications. (Dkt. Nos. 146, 148.) At that time the Court did not address Mayer's additional argument that Church & Dwight had waived any objection (other than confidentiality) by failing to make the objection in its written discovery response. The Court also did not address Church & Dwight's assertion--raised for the first time at oral argument--that Mayer's previous counsel had, in effect, agreed that Church & Dwight did not

1   have to produce communications between its outside counsel and the FTC.

2      Church & Dwight subsequently moved for reconsideration and for a stay pending

3   appeal to the district court. (Dkt. No. 149.)  Church & Dwight sought reconsideration of the

4   Court's orders on the ground that it had an explicit oral confidentiality agreement with the

5   FTC which bars the discovery of the FTC documents in this lawsuit.  The Court granted a

6   temporary stay and then ordered Church & Dwight to file a brief which addresses every

7   single argument it has in opposition to production of the FTC documents (other than those

8   already resolved by the Court ) and gave Mayer the opportunity to respond.  The purpose of

9   the supplemental briefing was to ensure that the district court has all of Church & Dwight's

10   arguments before him in a single proceeding.  After carefully reviewing the parties' written

11   submissions, and having had the benefit of oral argument on December 8, 2011, the Court

12   grants Mayer's motion to compel in its entirety.

13      First, the Court denies Church & Dwight's request that the Court reconsider its

14   confidentiality ruling on the ground that, even apart from the FTC confidentiality regulations,

15   Church & Dwight had an oral confidentiality agreement with the FTC.  The purported

16   existence of such an agreement is not a proper ground for reconsideration.  The parties'

17   original joint letter brief squarely raised the issue of the confidentiality of the FTC

18   documents. (Dkt. No. 138.)  If Church & Dwight believed that the purported oral argument is

19   additional or even independent support for denying the motion to compel it should have

20   raised it in the joint letter brief.  Moreover, the case Church & Dwight cited as support for its

21   argument that the documents should not be produced, Aronson v. McKesson HBOC, Inc.,

22   2005 WL 934331 (N.D. Cal. March 31, 2005), involved a written confidentiality agreement.

23   The purported confidentiality is simply not a proper basis for reconsideration.  See  Civ. L.R.

24   3-9(a).

25      In any event, even accepting that there was such an oral agreement, the Court's ruling

26   remains the same.  The Court's order expressly adopted the line of cases which holds that

27   providing documents to a government agency during an investigation waives any attorney

28   work product or attorney-client privilege even when the documents are produced pursuant to

2

**United States District Court**
For the Northern District of California

a confidentiality agreement. (Dkt. No. 146 at 5.)   The line of case the Court finds more

persuasive involved similar agreements.   See, e.g., United States v. Reyes, 239 F.R.D. 591,

604 (N.D. Cal. 2006); United States v. Bergonzi, 215 F.R.D. 487, 497 (N.D. Cal. 2003).

Indeed, even under the agreement belatedly proffered by Church & Dwight the FTC retained

the right to share the documents with other federal agencies and even state agencies.  (Dkt

No. 153-4.)

Second, for the reasons stated in the order of November 18, 2011, the Court finds that

Church & Dwight's communications with the FTC, whether through outside counsel or

otherwise, are not protected from discovery as attorney-client privilege, attorney-work

product, or settlement communications.  (Dkt No. 146 at 4-6.)  In any event, the Court also

finds that Church & Dwight has waived all of these privilege objections to production by

failing to specifically raise the objections in its written discovery response to Request No. 4.

(Dkt. No. at138 at 19-20.)  The boilerplate objections at the beginning of its discovery

response are insufficient as a matter of Ninth Circuit law.   See Burlington N. & Santa Fe Ry.

Co. v. United States Dist. Ct. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005).  The specific

objections are not a mere technical requirement; they put the opposing party on notice that

certain documents are not being produced.  Here, Church & Dwight represented that subject

only to its confidentiality objection based on the FTC regulations it *would* produce

documents responsive to the request.[1] (Dkt. No. 138 at 20.)  Finally, stating that documents

are confidential because of certain FTC regulations in no way places a party on notice that

documents are being withheld on attorney work product and privilege grounds.

Third, the Court finds that Mayer did not orally agree to exclude from its FTC

document request Church & Dwight's outside counsel's communications with the FTC.

Mayer has offered sworn testimony that no such agreement was reached and the only

evidence offered by Church & Dwight, a single email, does not contradict Mayer's evidence.

---

[1]Although not in the record, at oral argument on December 8 Church & Dwight asserted that when the case was in New Jersey Church & Dwight had advised Mayer that it would not produce certain FTC documents.  Such assertion, if made, was made before the document request at issue and Church & Dwight's written response and is therefore not relevant.

United States District Court
For the Northern District of California

1    <u>Fourth</u>, Church & Dwight's assertion that the document request is overbroad is made

2    too late.  As with privilege, Church & Dwight did not interpose a relevancy or overbreadth

3    objection to document Request No. 4. (Dkt. No.138 at 20.)  To the contrary, it affirmatively

4    represented that subject to and without waiving its confidentiality objection "it will produce

5    of copy of documents responsive to this Request."  (<u>Id.</u>)  And, as explained above, its

6    boilerplate objection is insufficient as a matter of law.  <u>See</u> <u>Burlington N. & Santa Fe Ry.</u>

7    <u>Co.</u>, 408 F.3d at 1149.  Again, the objection requirement is not merely technical; without

8    such an objection there was no opportunity for a meet and confer as to relevancy in a timely

9    manner.

10   <u>Finally</u>, the Court notes that Church & Dwight's supplemental brief assumes that what

11   is at issue is what was encompassed by the district court's October 12, 2011 minute order.

12   (Dkt. No. 132.)  The Court disagrees.  What the Court has--and had--pending before it is

13   document Request No. 4 and Church & Dwight's refusal to produce all documents

14   responsive to that request. That request seeks all documents "disclosed" to the FTC, not just

15   those documents produced in response to a subpoena.  The Court has given Church &

16   Dwight ample opportunity to raise every objection it has to production of all of the

17   responsive documents and has now resolved all of those objections.

18   Accordingly, Church & Dwight shall produce all documents responsive to Mayer's

19   document Request No. 4 by Friday, December 9, 2011.

20   **IT IS SO ORDERED.**

21

22   Dated:  December 8, 2011                                _____

23                                                           JACQUELINE SCOTT CORLEY
                                                             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4