UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHURCH & DWIGHT CO., INC.,

Plaintiff,

v.

MAYER LABORATORIES, INC.,

Defendant.

No. C-10-4429 EMC

**STIPULATED THIRD PARTY PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL AND ATTORNEY'S EYES ONLY INFORMATION OF THIRD PARTIES**

AND NOW, this ___ day of _____, 2011, for purposes of this litigation, it is hereby ORDERED by the Court as follows:

1.  (a)  If a non-party that has consented to this order (the "producing party") believes in good faith that particular information or material which it is producing or disclosing in discovery or in connection with any filing with the Court contains, in whole or in part, "CONFIDENTIAL Information" as defined below (hereinafter "CONFIDENTIAL Information") or "ATTORNEY'S EYES ONLY Information" as defined below (hereinafter "ATTORNEY'S EYES ONLY Information"), it shall designate and mark the information with a label stating "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" Or "ATTORNEY'S EYES ONLY--SUBJECT TO PROTECTIVE ORDER", respectively. Documents containing CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information may be produced unmarked for inspection to opposing counsel without waiver of any claim of confidentiality, but requested copies of inspected documents shall be marked.

(b)  "CONFIDENTIAL Information" shall include any information, document or thing, or portion of any document or thing that contains or consists of: (i) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business

information, or (ii) private or confidential personal information, or (iii) information received in confidence from third parties, or (iv) information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3.

(c) "ATTORNEY'S EYES ONLY Information" shall include any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party.

(d) If a party receiving CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information ("receiving party") wishes to object to the designation of a document, information or material, or part thereof, as CONFIDENTIAL or ATTORNEY'S EYES ONLY Information, that party shall notify the producing party of the objection in a written request to remove the confidentiality designation, which shall describe in particularity the documents or information in question and state the grounds for the objection. Such objections and requests may be made at any time while this action is pending. Upon receipt of such a request, the producing party shall respond to such request within ten (10) days, and shall state with particularity the grounds for asserting that the document or information constitutes CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information under this order. If the producing party fails to make a timely response to the request, the challenged designation will be deemed to be void. If the producing party, in a timely response, persists in the challenged designation, the parties shall within five (5) days thereafter meet and confer (in person or by telephone) and attempt to resolve the issue. If the parties are unable to reach agreement as to the designation of the document or information within those five days, the producing party shall promptly present the dispute to the Court initially by telephone or letter, in accordance with Local Rule 37.1(a)(1), before filing a formal motion with the Court asking the Court to uphold the designation of the document or information as CONFIDENTIAL or ATTORNEY'S EYES ONLY Information. Either party may submit the disputed documents *in camera* for a

determination by the Court whether they should be deemed CONFIDENTIAL or ATTORNEY'S EYES ONLY Information in whole or in part.

(e) A party shall not be obligated to object or otherwise challenge the propriety of a designation of disclosed documents, information or other things as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information at the time the designation is made, and a failure to make such an objection or challenge shall not constitute a waiver of such objection or challenge. Rather, an objection or challenge may be made at any time.

(f) Answers, admissions, transcripts, exhibits, and documents or things, or parts thereof, designated as containing CONFIDENTIAL information or ATTORNEY'S EYES ONLY Information shall not be disclosed or used by the party receiving them except as provided herein. Where the material designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Information is a severable portion of a single identifiable document e.g., interrogatories, deposition transcripts, etc., such confidential portion should, where practicable, be filed and/or served separately and independently of the non-confidential portions of such document for which there is no limitation or dissemination.

(g) Magnetically or electronically stored information, or other non-paper media (hereinafter, collectively, non-paper media) that a third party wishes to designate as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information shall be marked with the legend "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER" or "ATTORNEY'S EYES ONLY-- SUBJECT TO PROTECTIVE ORDER", respectively, to the extent reasonably feasible. The producing third party making such a designation shall also indicate in a separate writing which portions of the non-paper media are being designated CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information. Any third party, producing paper copies from portions of non-paper media that have been designated CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information shall label the paper copy "CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER," or "ATTORNEY'S

EYES ONLY--SUBJECT TO PROTECTIVE ORDER", respectively, subject to the provisions of this Order.

    (h)    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a third party's claim of confidentiality, either as to the specific information disclosed or as to any other material or information concerning the same or a related subject matter. Such inadvertent disclosure may be rectified by notifying in writing counsel for the receiving party or parties within a reasonable time after disclosure that the information or material should have been designated CONFIDENTIAL or ATTORNEY'S EYES ONLY. Such notice shall constitute a designation of the information as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information under this Order.

2.    All parties that wish to file with the Court any portions of any pleadings, discovery responses, transcripts, exhibits, and documents or things that have been designated as containing CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information shall do so pursuant to a request to seal such documents or information which complies with Local Civil Rule 5.3.

3.    All portions of any pleadings, discovery responses, transcripts, exhibits, and documents or things which have been designated as containing CONFIDENTIAL information shall be retained by trial counsel for the receiving party, and shall be disclosed to only the following persons under the following conditions:

    (a)    the Court and court personnel in the manner prescribed above in paragraph (2);

    (b)    counsel for the parties, including trial counsel, except that such CONFIDENTIAL information may be disclosed by counsel to secretarial, clerical, paralegal, stenographic, duplicating and data processing personnel employed in connection with this action and/or in preparation for trial of this action, including secretarial, clerical, paralegal,

DOCS\580952v1

stenographic, duplicating and data processing personnel of the parties who have been designated to assist trial counsel in this action;

      (c)     Plaintiff employees, former employees, and directors: William Beschner, John Burke, Ronald Calazza, Jennifer Coffey, James Craigie, James Daniels, Joseph English, Michael Esch, Matthew Farrell, Joseph Flasser, Bruce Fleming, Susan Goldy, Paul Howard, David Johnson, Deana Sabatino, David Schuman, Dr. Fred Smetana, Louis Tursi, and Jeffrey Walling;

      (d)     Defendant employees and directors: David Mayer, Fritz Sparks, Tim Conner, Paul Rosso, and Christine Castner;

      (e)     Outside experts or consultants retained by outside counsel for purposes of this action, and their secretarial, clerical, stenographic, duplicating and data processing personnel, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      (f)     Any third party deponent or witness who authored the document or other information, or received a copy of it, or was involved in the subject matter described therein, or is employed by the producing third party; and

      (g)     Pursuant to a lawful subpoena or legal process, provided that the receiving party notifies the producing third party so that the Producing third Party has a reasonable opportunity to seek to protect the documents or other information sought.

Before disclosing CONFIDENTIAL information to any other persons, the party making the disclosure must identify that person to the designating party and either: (a) obtain the designating party's written approval, which must not be unreasonably withheld, and also obtain each such person's execution of the non-disclosure agreement in the form attached hereto as Exhibit A, after a copy of this agreement is provided to such individuals; or (b) seek an order from the Court authorizing the disclosure.

4.     Material produced and marked as ATTORNEYS' EYES ONLY may be disclosed only to outside counsel for the parties and their staff, and to the persons identified in paras 3(a),

- 5 -

3(e), 3(g) above, and to such other persons as counsel for the producing Party agrees in advance or as ordered by the Court.

5. Before use of any CONFIDENTIAL information in connection with the testimony of a witness who is not a technical expert or consultant to one of the parties or a director, officer or employee of one of the parties, the witness shall be given a copy of this order and shall acknowledge in writing or by averment that he or she has read and understands the provisions of the Order and agrees to comply therewith and be bound thereby.

6. With respect to any depositions that involve a disclosure of CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information of a party to this action, a producing party may designate portions of the testimony as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information by identifying those portions on the record at the time that it is given, in which case the stenographer shall mark those portions CONFIDENTIAL or ATTORNEY'S EYES ONLY and bind them separately. In addition, each producing party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all parties that the portions of the transcript are to be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY, which period may be extended by agreement of the parties. During these thirty days, no such deposition transcript shall be disclosed to any person other than the persons and on the terms described in paragraph 3 and 4 above, and the deponent, and no individual attending the deposition shall disclose the contents of any deposition to any person other than the persons and on the terms described in paragraphs 3 and 5 above. Post-deposition designation of CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information in the transcript and exhibits shall be by page and exhibit number. Upon being informed that certain portions of a deposition are to be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure in accordance with paragraphs 3 and 4 above, subject to the right of any party to object in accordance with paragraph 2 above.

7. Unless and until the restrictions herein are removed either by written agreement of the parties, including the third party at issue, or by order of the Court, all CONFIDENTIAL

DOCS\580952v1

Information or ATTORNEY'S EYES ONLY Information: (a) shall be used by the receiving party solely for purposes of the prosecution or defense of this action; (b) shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose; and (c) shall not be disclosed by the receiving party to anyone other than those set forth in paragraphs 3 and 5 above.

8. This Order does not purport to address information or documents which may be used at any public hearing or at trial. If the parties are unable to agree as to how CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information will be treated for this purpose, any party may seek an advance ruling from the Court. Notwithstanding the foregoing, no party may disclose CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information at any hearing or trial without first giving notice to the producing party, and then as directed by the court.

9. The restrictions provided for above shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further order of the Court; provided, however, that this order shall not be construed: (a) to prevent any party or its respective counsel from making use of information which was lawfully in its possession prior to the date of this order; (b) to apply to information which is or was public knowledge at the time of or prior to disclosure in this litigation; or (c) to apply to information which any party or its counsel has lawfully obtained or shall hereafter lawfully obtain from a non-party to this litigation having the right to disclose such information. No party shall designate information that is already in the public domain as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information.

10. If a producing party discovers that it has inadvertently or mistakenly disclosed in this litigation information, documents or tangible items protected by attorney-client privilege or work product immunity, and brings that discovery to the attention of the receiving party, the producing party's and receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(13). Such inadvertent or mistaken disclosure of such information shall not by itself prejudice or otherwise constitute a waiver of any claim of

attorney-client privilege or work product immunity for such information. However, nothing in this Order restricts the right of the receiving party to challenge the producing party's claim of privilege or work product protection if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

11. This Protective Order shall not be construed to prevent the parties or third parties from applying to the Court for modification of or relief from any of its terms, or from applying to the Court for further or additional Protective Orders or for relief from this Order. Documents designated for ATTORNEY'S EYES ONLY and produced by third parties cannot be used as an Exhibit at depositions of any person who is an employee or former employee of a party and is represented by Counsel for Church & Dwight or Mayer. Any third party documents may be shown to a former employee of a party who is a current employee of the producing third party.

12. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

13. Neither the designation of any document or information as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information nor the treatment by any party of such designated document or information as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall constitute or be construed as an admission by any party that such document or information constitutes admissible or relevant evidence in this action.

14. Nothing in this Order shall affect the ability of a producing party to use documents and other information that it has produced in any way, regardless of whether or not it has designated them as CONFIDENTIAL Information or ATTORNEY'S EYES ONLY Information.

15. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court, or by the written stipulation of the parties filed with the Court.

16. This Court has jurisdiction as to any and all disputes of the terms and conditions of this agreement.

/s/ Peggy Wedgworth
**PEGGY WEDGWORTH**
*Attorney for Mayer Laboratories, Inc.*

/s/ Lesli Esposito (PW with permission)
**LESLI ESPOSITO**
*Attorney for Church & Dwight Co., Inc.*

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE
Dated: 12/19/2011

DOCS\580952v1

# EXHIBIT A

## AGREEMENT TO BE BOUND BY THE STIPULATED THIRD PARTY PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

I certify that I have read the Protective Order dated _____, 2011, in this action, that I understand the terms thereof, that I agree to be bound by its terms, that I agree to submit to the jurisdiction of the Court with respect to the enforcement of the provisions of this Protective Order, and that my signature below is to be deemed the same and have full force and effect as if my signature appeared on the original Protective Order.

I further certify that the foregoing is true and correct.

Executed on: _____

_____
(signature)

_____
(print name)

DOCS\580952v1