IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC, <br><br> Plaintiff, <br><br> v. <br><br> MAYER LABORATORIES, INC., <br><br> Defendant. <br>_____/ | No. C10-4429 EMC (JSC) <br><br> **ORDER RE PARTIES' JANUARY 6, 2012 DISCOVERY LETTERS (DKT. NOS. 194, 195)** |

The Court has reviewed the parties' letters of January 6, 2012 (Dkt. Nos. 194, 195) and rules as follows:

1. Mayer shall verify that all PERS reports have been produced, or shall produce all additional PERS reports, on or before 5:00 p.m. on January 13, 2012.

2. Mayer shall provide verifications for all of its interrogatory responses by 5:00 p.m. on January 13, 2012. See Fed. R. Civ. P. 33(b).

3. Church & Dwight shall provide verifications for all of its interrogatory responses on or before 5:00 p.m. on January 13, 2012. See Fed. R. Civ. P. 33(b).

4. The Court is unable to address the dispute with respect to Interrogatory No. 9 because Church & Dwight's response at issue does not appear to be an exhibit to Docket No. 195. Exhibit C is a cover letter referencing the response, but does not include the response

1 itself. The Court notes, however, that Interrogatory No. 9 does not request identification of
2 documents; it requests facts that should be in Church & Dwight's possession. The Court
3 therefore does not understand Church & Dwight's reliance on Mayer's belated production of
4 documents to justify its response. Accordingly, the parties shall meet and confer by
5 telephone with respect to Interrogatory No. 9. If no agreement can be reached, on or before
6 January 13, 2012 Mayer shall file with the Court a copy of Church & Dwight's response to
7 Interrogatory No. 9.

     5.     Church & Dwight has met its burden of demonstrating that its counsel's communications with ASM are covered by the attorney-client privilege. See United States v. Graf, 610 F.3d 1148, 1156-59 (9th Cir. 2010); United States ex rel. Strom v. Scios, Inc., 2011 WL 4831193 *2 (N.D. Cal. Oct. 12, 2011). The Court is unpersuaded that ASM cannot be Church & Dwight's agent for purposes of the attorney-client privilege merely because in another context it referred to ASM as a "third party broker."

**IT IS SO ORDERED.**

Dated: January 10, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE