IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC, <br><br> Plaintiff, <br><br> v. <br><br> MAYER LABORATORIES, INC., <br><br> Defendant. <br> _____/ | No. C10-4429 EMC (JSC) <br><br> **ORDER RE PARTIES' JANUARY 6, 2012 DISCOVERY LETTERS (DKT. NOS. 194, 195)** |

The Court has reviewed the parties' letters of January 6, 2012 (Dkt. Nos. 194, 195) and rules as follows:

1. Mayer shall verify that all PERS reports have been produced, or shall produce all additional PERS reports, on or before 5:00 p.m. on January 13, 2012.

2. Mayer shall provide verifications for all of its interrogatory responses by 5:00 p.m. on January 13, 2012. See Fed. R. Civ. P. 33(b).

3. Church & Dwight shall provide verifications for all of its interrogatory responses on or before 5:00 p.m. on January 13, 2012. See Fed. R. Civ. P. 33(b).

4. The Court is unable to address the dispute with respect to Interrogatory No. 9 because Church & Dwight's response at issue does not appear to be an exhibit to Docket No. 195. Exhibit C is a cover letter referencing the response, but does not include the response

itself. The Court notes, however, that Interrogatory No. 9 does not request identification of documents; it requests facts that should be in Church & Dwight's possession. The Court therefore does not understand Church & Dwight's reliance on Mayer's belated production of documents to justify its response. Accordingly, the parties shall meet and confer by telephone with respect to Interrogatory No. 9. If no agreement can be reached, on or before January 13, 2012 Mayer shall file with the Court a copy of Church & Dwight's response to Interrogatory No. 9.

5. Church & Dwight has met its burden of demonstrating that its counsel's communications with ASM are covered by the attorney-client privilege. See United States v. Graf, 610 F.3d 1148, 1156-59 (9th Cir. 2010); United States ex rel. Strom v. Scios, Inc., 2011 WL 4831193 *2 (N.D. Cal. Oct. 12, 2011). The Court is unpersuaded that ASM cannot be Church & Dwight's agent for purposes of the attorney-client privilege merely because in another context it referred to ASM as a "third party broker."

**IT IS SO ORDERED.**

Dated: January 10, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE