UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC., | No. C-10-4429 EMC |
| Plaintiff, | |
| v. | **ORDER RE QUESTIONS FOR ORAL ARGUMENT** |
| MAYER LABORATORIES, INC., | |
| Defendants. | |

Church & Dwight's ("C&D's") motion for summary judgment is set for hearing Friday, February 10, 2012. Docket No. 198. The parties shall be prepared to discuss – and point to evidence in the record supporting – their answers to the following questions:

(1) What is Mayer's response to C&D's contention that it lacks market power under *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995)? Specifically, what evidence in the record supports the contention that C&D restricted output and charged supracompetitive prices? *Id.* at 1434. What evidence supports the contention that "existing competitors [including Durex and Lifestyles] lack the capacity to increase their output in the short run"? *Id.*

(2) What is the total percentage (in the aggregate) of shelf space in the FDM market – assuming C&D's definition of the relevant market which includes Wal-Mart, c-stores, etc. – that is dedicated to Church & Dwight condom products pursuant to a planogram agreement ("POG") or exclusive contract (*i.e.*, c-stores)? Note that for purposes of this question, if a store participates in the planogram program, that store should not be counted as having 100%

of its shelf space covered under the agreement; rather, only the percentage of a participating retailer's shelves that are actually filled with C&D products pursuant to the agreement count. The parties should provide a response for each year for which there is data to support the calculation.

(3) What admissible evidence is in the record to support Mayer's contention that C&D's POG directly caused Mayer and/or other competitors to lose (or fail to acquire) shelf space? The parties should be prepared to cite to all examples in the record.

(4) What admissible evidence is in the record to support the contention that C&D's POG indirectly caused Mayer and/or other competitors to lose (or fail to acquire) shelf space? For example, what evidence suggests a clear or systemic pattern of Mayer (or other competitors) losing shelf space at a retailer at the same time that retailer began or increased its participation in the POG? What is C&D's response/explanation for any such pattern(s)? The parties should be prepared to cite to all examples in the record.

(5) What is Mayer's response to C&D's alternative explanations for Mayer's loss of shelf space and market share? How does Mayer account for alternative reasons it may have lost certain retailers' business (*e.g.*, slow sales, supply chain problems, high price, other competitors' contracts for space or shelf positioning, Durex's two-brand strategy, etc.). What evidence does C&D have that these alternative explanations in fact caused loss of Mayer's share?

(6) Is there any admissible evidence in the record which shows that manufacturers besides Mayer and Global Protection have suffered harm in the form of lost shelf space or market share due to the POG? How does Mayer explain Durex's and Lifestyles's performance during the same time period?

(7) Is there data in the record or a graph that shows the total number of retailers in the FDM market (again using C&D's definition of the relevant market) within each range of percentages of shelf space dedicated to C&D condom products – *e.g.* how many retailers at below 50%, 50-55%, 55-60%, 60-65%, 65-70%, 70-75%, above 75%? Is there any data to show an unusually low or high number of retailers at the cusp of the minimal threshold of the POG (*e.g.* at 65% level of C&D shelf space)?

(8)   What admissible evidence is there to show the "tax" effect asserted by Mayer is or is not in fact influencing retailers' decisions in allocating shelf space to C&D versus rivals?

The parties shall also be prepared to discuss current ADR efforts.

IT IS SO ORDERED.

Dated: February 8, 2012

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California