UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC., | No. C-10-4429 EMC |
|     Plaintiff, | |
|     v. | **ORDER RE REDACTED SUMMARY JUDGMENT ORDER** |
| MAYER LABORATORIES, INC., | |
|     Defendants. | |
| _____/ | |

On March 1, 2012, this Court issued its Order granting in part and denying in part Church & Dwight's motion for summary judgment. Docket No. 247. The Court filed its order under seal given its reliance on numerous sealed documents, and instructed the parties and third parties to file any objections to the Court's release of the full order and to propose narrowly tailored redactions if necessary. Docket Nos. 248, 261. Church & Dwight does not object to the Court's release of the full, un-redacted summary judgment order, and Mayer has now withdrawn its proposed redactions. Docket No. 265. Thus, the only potential objections remaining are from third party manufacturers and retailers in the condom market. The Court has filed each of the responses it received from third parties under seal.

After reviewing the proposed redactions submitted by third parties, as well as Church & Dwight's opposition to some of these proposed redactions, *see* Docket No. 266, the Court determines that the following redactions are justified:

///

///

(1) Pages 6, footnote 5, and 45:  The Court has redacted the name of the declarant and the name of the condom brand, so as to preserve the confidentiality of this business negotiation.

(2) Pages 39 and 52:  The Court has redacted only the name of the particular customer with which Global Protection negotiated.  Such a redaction preserves the confidentiality of the business information but is narrowly tailored to guard the public's access.

(3) Page 52:  The Court has redacted information regarding CVS's proprietary business strategy.  Neither Mayer nor Church & Dwight oppose this proposed redaction.  *See* Docket No. 266.

The above redactions are necessary to protect confidential business information and narrowly tailored to ensure the public's access to the full extent of the Court's reasoning.  *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (the Ninth Circuit "requir[es] district courts to start with a strong presumption in favor of access when deciding whether to seal records" and to "articulate the rationale underlying its decision to seal") (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995) ; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-179 (9th Cir. 2006)).  Importantly, none of the redactions prevent the public from understanding the Court's analysis; rather, they simply protect the identities of negotiating parties and the content of business strategy that could harm third parties' business relationships and competitive advantage.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (recognizing court's power to seal "sources of business information that might harm a litigant's competitive standing"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2012 WL 694745, at *1 (N.D. Cal. Mar. 1, 2012) (sealing a portion of a deposition transcript when "Samsung's General Counsel has submitted a declaration explaining that the business relationship between Samsung and Best Buy would be compromised if the confidentiality of the communications were not retained").  Thus, the redactions do not detract from the goal of promoting "public understanding of the judicial process that access to the documents would provide."  *Gonzales v. Comcast Corp.*, 1:10-CV-01010-LJO, 2011 WL 4768021, at *3 (E.D. Cal. Oct. 7, 2011) (citing *Warner Communications, Inc.*, 435 U.S. at 602-03).

1    Accordingly, the Court orders that its summary judgment order be filed and accessible to
2 public view with the above-described redactions.

3

4    IT IS SO ORDERED.

5

6 Dated: April 12, 2012

7                                                                         _____
                                                                           EDWARD M. CHEN
8                                                                          United States District Judge