UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHURCH & DWIGHT CO., INC., | No. C-10-4429 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR RECONSIDERATION** |
| MAYER LABORATORIES, INC., | |
| Defendants. | |

Mayer filed a motion for leave to seek reconsideration of the Court's March 1, 2012 Order granting summary judgment to Church & Dwight ("C&D") as to Mayer's trademark-related counterclaims. *See* Order, Docket No. 247 (sealed); Order, Docket No. 271 (redacted public version); Motion, Docket No. 267. This Court granted the motion for leave on April 12, 2012, Docket No. 269, and now proceeds to the merits of Mayer's arguments.

Having considered Mayer's arguments and supporting evidence, the Court **GRANTS** Mayer's motion for reconsideration and **DENIES** C&D's motion for summary judgment as to Mayer's trademark claims. Civ. L. R. 7-9; Fed. R. Civ. P. 60. Accordingly, the Court hereby amends its March 1, 2012 Order as follows:

Page 2, line 24-25: In place of <the Court DENIES the motion for summary judgment as to tortious interference with contract, and GRANTS the motion as to all other claims.>, the Court hereby amends the order to state <the Court DENIES the motion for summary judgment as to tortious interference with contract, DENIES the motion as to Mayer's trademark claims, and GRANTS the motion as to all other claims.>.

| | | |
|---|---|---|
| Page 65, line 2-3: | | In place of <the Court DENIES the motion for summary judgment as to tortious interference with contract, and GRANTS the motion as to all other claims.>, the Court hereby amends the order to state <the Court DENIES the motion for summary judgment as to tortious interference with contract, DENIES the motion as to Mayer's trademark claims, and GRANTS the motion as to all other claims.>. |
| Page 58, line 4 - Page 64, line 19: | | The Court VACATES this portion of the Order. |

Mayer states that it did not receive fair notice of the need to present substantial evidence to the Court as to microthin's secondary meaning, because C&D did not clearly raise this particular issue until its reply. Upon reconsideration, the Court concludes that Mayer has raised a genuine issue of material fact as to its trademark claims, and that the Court's previous order on this issue was in error because: (1) Mayer was entitled to a specific presumption of secondary meaning because the Patent and Trademark Office ("PTO") relied on such evidence in registering its mark; and (2) in view of the unrebutted presumption of secondary meaning along with other record evidence, the *Sleekcraft* factors now favor Mayer sufficient to defeat summary judgment for two reasons.

First, the supplemental argument and evidence establish that Mayer presented to the PTO evidence of secondary meaning, or "acquired distinctiveness," of Mayer's microthin mark. Hiaring Hocking Decl. ¶ 3. The PTO had initially refused Mayer's trademark application on the grounds that microthin was "merely descriptive," but after considering Mayer's supplemental evidence of secondary meaning, the PTO issued a registration for the microthin mark. Hiaring Hocking Decl. ¶ 10 & Ex. 2, 5. Accordingly, Mayer is entitled to a specific presumption of secondary meaning. *See Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1120 (9th Cir. 2010) ("[T]he registrant is not entitled to a presumption of secondary meaning *unless* the PTO required proof of secondary meaning as part of the application for registration of the mark.") (emphasis added) (citing *PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558, 564 (2d Cir.1990) ("[The] burden [to prove secondary meaning] does not shift upon a decision of the [PTO] to register the mark, absent evidence that the [PTO] registered the mark upon finding that it had acquired secondary meaning.")).

Mayer's supplemental arguments and evidence to the PTO – which the Court has now reviewed – also negate any claim that C&D has rebutted this specific presumption. For example,

1  Mayer now points out that some of C&D's evidence regarding other companies' use of the term
2  "microthin" derives from outside the country, which diminishes the evidence's relevance. Mot. at 7
3  n.6; Hiaring Hocking Decl., Ex. 3, at 5; *see Pollution Denim & Co. v. Pollution Clothing Co.*, 547 F.
4  Supp. 2d 1132, 1140 (C.D. Cal. 2007) ("[T]he presumption of priority enjoyed by the registrant of a
5  mark is 'nationwide in effect.' Thus, registration of a trademark under the Lanham Act 'creates a
6  presumption that the registrant is entitled to use the registered mark throughout the nation.'")
7  (quoting *Emergency One, Inc. v. Am. Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 268-69 (4th
8  Cir.2003) (citing 15 U.S.C. § 1057(c) and quoting *Draeger Oil Co. v. Uno-Ven Co.*, 314 F.3d 299,
9  302 (7th Cir.2002))). In addition, much of C&D's evidence is recent and thus less persuasive as to
10 whether Mayer's mark had previously acquired secondary meaning in the years preceding these
11 companies' use of the mark. Hiaring Hocking Decl., Ex. 3, at 5. Thus, taking the evidence in the
12 light most favorable to Mayer, C&D has not rebutted the presumption of secondary meaning for
13 summary judgment purposes.

14       Second, the *Sleekcraft* factors sufficiently favor Mayer as to prevent summary judgment.
15 The Court had based its previous order largely on its conclusion that Mayer had not presented
16 sufficient evidence regarding the validity and the strength of its mark and, therefore, had failed to
17 raise a genuine issue of fact as to likelihood of confusion pursuant to the *Sleekcraft* factors. *See*
18 Order at 62-64. However, as discussed above, Mayer's supplemental evidence resolves those
19 concerns at least for purposes of summary judgment. The "strength of the mark" factor based on the
20 presumption of secondary meaning flowing from the PTO's action now points in Mayer's favor. In
21 addition, there are at least three other *Sleekcraft* factors that indisputably also favor Mayer, including
22 the "proximity of the goods," the "similarity of the marks," and the applicable "marketing channels"
23 for the products. *See Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 631 (9th Cir.
24 2005) (citing *Dreamwerks Prod. Group, Inc. v. S.G. Studio*, 142 F.3d 1127, 1129 (9th Cir.1998);
25 *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other*
26 *grounds by Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003)). Thus,
27 given the record as it now stands, there is a genuine issue of material fact as to the likelihood of
28 confusion from C&D's use of the microthin mark. *See id.* ("The test is a fluid one and the plaintiff

need not satisfy every factor, provided that strong showings are made with respect to some of them.") (citing *Dreamwerks*, 142 F.3d at 1129-30, 1132). Accordingly, summary judgment in C&D's favor on Mayer's trademark claims is not warranted.

In addition, C&D's laches argument fails because it does not dispute that Mayer raised its trademark claims within the applicable statute of limitations, and it offers nothing to rebut the strong presumption against laches in such a scenario. *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006) ("If a plaintiff files suit within the applicable period of limitations for his claim, there is a strong presumption that laches does not bar the claims.") (citations omitted).

Accordingly, C&D's motion for summary judgment as to Mayer's trademark claims in **DENIED**.

IT IS SO ORDERED.

Dated: May 16, 2012

_____
EDWARD M. CHEN
United States District Judge